UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Nos. 97-1773(L)
(CA-96-464)

Xpander Pak, Incorporated,

Plaintiff - Appellee,

versus

Bostroem USA, Incorporated,

Defendant - Appellee.

O R D E R

The Court amends its opinion filed March 3, 1998, as follows:

On the cover sheet -- the captions of both appeals are amended

to delete "and Bostroem International, Incorporated, Defendant."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

XPANDER PAK, INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.

BOSTROEM USA, INCORPORATED,
<u>Defendant-Appellant.</u>                                    No. 97-1773


XPANDER PAK, INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.

BOSTROEM USA, INCORPORATED,
<u>Defendant-Appellant.</u>                                    No. 97-2175


Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-96-464)

Argued: January 27, 1998

Decided: March 3, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Theodore Scot Allison, Washington, D.C., for Appellant.
John Blanton Farmer, THOMPSON & MCMULLAN, P.C., Rich-
mond, Virginia, for Appellee. **ON BRIEF:** Kevin R. Huennekens,
Patricia H. Knapp, MALONEY, HUENNEKENS, PARKS, GECKER
& PARSONS, Richmond, Virginia, for Appellant. Hugh T. Antrim,
THOMPSON & MCMULLAN, P.C., Richmond, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bostroem U.S.A., Inc. (Bostroem) appeals the district court's entry
of judgment in favor of Xpander Pak, Inc. (Xpander Pak) in the
amount of $381,703.05. We affirm.

In July 1995, Bostroem contracted with Chronopost, a subsidiary
of the French Post Office, to supply Chronopost with 500,000
expanding protective shipping envelopes manufactured by Xpander
Pak. The contract between Chronopost and Bostroem provided for
payment to Bostroem in four equal installments of approximately
$255,000, and Bostroem agreed with Xpander Pak to pay Xpander
Pak $206,250 out of each installment paid by Chronopost to

2

Bostroem. Upon executing the contract, Chronopost paid the first installment, and Xpander Pak received from Bostroem its $206,250 share shortly thereafter. Although Xpander Pak and Bostroem dispute what documents constitute their contract, it is undisputed that: (1) Bostroem ordered 500,000 envelopes from Xpander Pak for resale to Chronopost; (2) the delivery term was FOB Richmond, Virginia; and (3) Bostroem was responsible for paying the ocean freight necessary for delivery to Chronopost.

In mid-September 1995, Chronopost received the first shipment of 68,256 envelopes. However, 36,000 of these envelopes were defective and rejected by Chronopost. After Chronopost expressed dissatisfaction with the initial shipment, Xpander Pak agreed to ship 165,000 envelopes directly to Chronopost by air freight during October 1995. In turn, Bostroem agreed to pay Xpander Pak the ocean freight equivalents for those shipments. During the month of October 1995, as agreed, Xpander Pak shipped 165,000 envelopes directly to Chronopost, and all of these envelopes were accepted by Chronopost. On November 17, 1995, Xpander Pak made its final shipment of envelopes.

On November 21, 1995, Xpander Pak demanded payment from Bostroem for, among other things, all invoices more than thirty days due. Bostroem refused to pay the invoices and never tendered Xpander Pak's share of the second installment Bostroem received from Chronopost on November 27, 1995. In all, Xpander Pak shipped 374,616 envelopes that were either accepted by Chronopost or Bostroem. In December 1995, without explanation, Chronopost terminated its contract with Bostroem.

Xpander Pak brought this action against Bostroem under Virginia Code Annotated § 8.2-607(1),* seeking to recoup the cost of producing the 374,616 envelopes accepted by Chronopost and Bostroem, less amounts previously paid to Xpander Pak by Bostroem. Xpander Pak also sought to recover the portion of the air freight charges that Bostroem agreed to pay. Bostroem raised numerous affirmative defenses and filed thirteen counterclaims, including claims of breach

_____

* Va. Code Ann. § 8.2-607(1) provides that "[t]he buyer must pay at the contract rate for any goods accepted."

3

of contract, breach of warranty, actual fraud, and violations of the Virginia Business Opportunity Sales Act (BOSA), see Va. Code Ann. § 59.1-262 et seq.

On April 24, 1997, the district court granted Xpander Pak's motion for partial summary judgment on numerous affirmative defenses and counterclaims asserted by Bostroem, including Bostroem's actual fraud and BOSA counterclaims. On July 31, 1997, the district court granted Xpander Pak's motion for summary judgment on Xpander Pak's § 8.2-607(1) claim and on Bostroem's breach of contract counterclaim. As to Xpander Pak's § 8.2-607(1) claim, the district court concluded that Bostroem was obligated to pay the contract price for the envelopes accepted by Chronopost and Bostroem, less the amount Bostroem had paid to Xpander Pak. As to Bostroem's breach of contract counterclaim, the district court held there was insufficient evidence to support the counterclaim. Accordingly, the district court entered judgment in the amount of $381,703.05, which covered the cost of producing the envelopes less the amount paid by Bostroem to Xpander Pak, the related freight charges Bostroem agreed to pay, and a reduction of $10,000 for incidental damages agreed upon by the parties to settle Bostroem's breach of warranty counterclaim for the 36,000 defective envelopes which were rejected by Chronopost. On appeal, Bostroem takes issue with the district court's ruling on Xpander Pak's motion for summary judgment and the district court's earlier dismissal of its actual fraud and BOSA counterclaims.

Our review of the record, the district court's opinions, and the arguments of counsel have revealed that this appeal is without merit. Accordingly, we affirm the judgment of the district court for the reasons stated by that court in its opinions. See Xpander Pak, Inc. v. Bostroem U.S.A., Inc., CA-96-464 (E.D. Va. April 24, 1997); Xpander Pak, Inc. v. Bostroem U.S.A., Inc., CA-96-464 (E.D. Va. July 31, 1997).

AFFIRMED

4